No. 20,746.

T. R. JOHNSON et al., Partners, etc., *Appellees,* v. JEREMIAH FEIK, *Appellant.*

SYLLABUS BY THE COURT.

APPEAL—*No Transcript of Evidence—Refusal of Instructions—Presumptions.* In the absence of the evidence or a statement that evidence was offered in support of one of the issues formed by the pleadings, and upon which the trial court declined to instruct the jury, it will be presumed that there was no basis in the evidence for such an instruction.

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed February 10, 1917. Affirmed.

*Edwin Anderson,* of Council Grove, and *Frans E. Lindquist,* of Kansas City, Mo., for the appellant.

*M. B. Nicholson,* and *W. J. Pirtle,* both of Council Grove, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an action brought by the Johnson Realty Company against Jeremiah Feik to recover a commission for promoting an exchange of Oklahoma land for a

farm in Kansas, the plaintiffs recovered a judgment for $300. The answer of Feik was (1) a general denial, (2) an admission that the exchange pleaded had been made, but there was an averment that plaintiffs had not brought about the exchange, and further, that their agency had been revoked before the negotiations for the exchange were begun. The third defense was largely a repetition of the second, to the effect that the exchange of lands had been negotiated between the parties, but not through the agency of the plaintiffs; that Breniser, with whom the exchange was made, was presented to him by another agent, and an averment was added that if plaintiffs had anything to do with the transaction they were acting for Breniser, and defendant believed that plaintiffs had been paid a commission for their services by Breniser. There was also an allegation that Breniser had not fully complied with all the conditions of the agreement to exchange. When the evidence was closed the court instructed the jury, and among other things stated that the averments of the defendant designated as the third defense were not submitted to the jury. On this appeal the defendant brings up the pleadings, instructions, two of the special findings, the verdict and judgment; but none of the evidence is contained in his abstract and it is said that no transcript of the evidence was prepared or filed.

Defendant complains of the refusal of the court to submit his third defense, and insists that he had pleaded a dual employment of the plaintiffs, or rather that they had acted for Breniser and not for defendant and had received compensation from the former. As we have seen, most of the matter stated in the third defense consisted of denials that defendant employed the plaintiffs, and allegations to the effect that they had not procured Breniser to exchange lands with the defendant. A special finding was returned by the jury to the effect that the defendant orally agreed to pay the plaintiffs $300 as their commission for their part in effecting the exchange. It is contended that the defendant was entitled to have the question of dual agency and the payment of a commission by Breniser—something of which the law disapproves —submitted to the jury. A double employment is not illegal

if it is done with the full knowledge and consent of both parties.     (*Crawford v. Investment Co.*, 91 Kan. 748, 139 Pac. 481.)   However, as the evidence is not preserved it can not be said that there was error in the refusal to submit this question to the jury.   If there was no evidence upon the issue the court would not have been warranted in submitting it to the jury for determination.   Error can not be presumed, but must be made to appear in the record.   In the absence of the evidence or a statement that there was evidence offered in support of the issue it must be presumed here that the court found no basis in the evidence for such an instruction. As the record stands it might even be presumed that the defendant had eliminated the issue by requests or waivers made during the trial and before the instructions were given to the jury. (*Davidson v. Timmons,* 88 Kan. 553, 129 Pac. 133.)

As no error is apparent in the abstract and record, the judgment is affirmed.